UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGEL PORTUONDO,

   Petitioner,

  v.         Case No.:  2:26-cv-01277-SPC-DNF

MARKWAYNE MULLIN *et al.*,

   Respondents,

             /

## **OPINION AND ORDER**

Before the Court are petitioner Angel Portuondo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Portuondo's reply (Doc. 6).  For the below reasons, the Court grants the petition.

Portuondo is a native of Cuba who was paroled into the United States on May 23, 1994, and later became a lawful permanent resident.  In 2009, he was convicted of resisting an officer, possession of a stolen or counterfeit credit card, grand theft, and battery, and was sentenced to 9 months in county jail.  In 2010, he got an additional 12-month sentence for violating probation.  On May 1, 2025, an immigration judge ordered Portuondo removed to Cuba.  Portuondo surrendered himself to Immigration and Customs Enforcement ("ICE") custody on October 24, 2025.  He is currently detained at Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge Portuondo has been in ICE detention for more than 180 days. The six-month period for presumptively reasonable

detention has expired, and *Zadvydas*'s burden-shifting framework applies. Portuondo has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba will not accept him for repatriation, and an attempt to remove Portuondo to Mexico in January 2026 was unsuccessful—neither party explains why. The burden thus shifts to the respondents, but their counsel acknowledges ICE has not provided any evidence suggesting they can remove Portuondo in the reasonably foreseeable future.

The Court finds no significant likelihood Portuondo will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Portuondo to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Angel Portuondo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Portuondo within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record